UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE:<br><br>ABUNDANT LIFE CHURCH OF GOD IN CHRIST<br>    Debtor. | CASE NO:  12-08617-8-SWH<br><br>CHAPTER 11 |

**OBJECTION OF FOUNDATION CAPITAL RESOURCES, INC. TO DEBTOR'S PROPOSED PLAN OF REORGANIZATION**

NOW COMES Foundation Capital Resources, Inc. ("FCRI") a secured creditor of Abundant Life Church of God in Christ, Debtor in this matter, and hereby files this Objection to the Debtor's Plan of Reorganization filed on or about February 15, 2013 (the "Objection").  In support of this Objection, FCRI says unto the Court as follows:

1. FCRI is a secured creditor of Debtor by virtue of its perfected security interest in the real property of the Debtor as well as a blanket security interest in other specified assets and property owned by the Debtor.

2. Under the treatment set forth in the plan proposed by the Debtor (the "Plan"), FCRI's claim is impaired.  FCRI will not consent to treatment of its claim as proposed by the Debtor and has voted to reject the Plan.

3. Accordingly, the requirement for confirmation set forth in 1129(a)(8) of the Bankruptcy Code will not be met, and the Plan will not be confirmable unless it satisfies each of the requirements set forth in § 1129(b).

4. In its proposed treatment of FCRI's claim, the Debtor proposes to treat the obligation as a secured claim in an amount equal to the amount of outstanding

principal, interest and fees. The Plan is unspecific as to the fees, expenses and post-petition interest. The Debtor further proposes to amortize the debt over a twenty year period with interest accruing at the fixed rate of 5.25% per annum with the entire outstanding amount becoming due after seven years

5. Section 1129(b)(2) of the Bankruptcy Code requires that the treatment of an impaired class be fair and equitable. The proposed treatment is not fair and equitable for the following reasons:

a. the Plan does not provide that FCRI retains its lien with respect to the property subject to the lien;

b. the Plan proposes a commercially unreasonably interest rate;

c. the Plan proposes a commercially unreasonable "balloon payment" period;

d. the Plan does not include post-petition interest in the claim, does not specify the expenses to be included and otherwise misstates the claim amount;

e. the Plan fails to provide for the execution of a separate note, or in the absence of a separate note, the Plan fails to provide any details with respect to due dates, grace periods and remedies upon default.

6. The Plan improperly classifies claims of "insiders" as defined by Section 101 of the Bankruptcy Code as general unsecured claims rather than insider claims.

7. Section 1129(a)(11) requires that the plan proponent establish that the plan "is not likely to be followed by the liquidation, or the need for the further

reorganization of the debtor or any successor to the debtor under the plan." This is the so called "feasibility" requirement.

8.    The Plan does not provide meaningful analysis of the feasibility of the Debtor and the likelihood of liquidation or the need of further reorganization if the Plan is approved. FCRI objects, both to the lack of information and on the grounds that, upon information and belief, the plan is not feasible.

WHEREFORE, FCRI objects and respectfully request that the Court disapprove the Plan and grant such other further relief as the Court deems just, equitable and proper.

This 26th day of March, 2011.

    KILPATRICK TOWNSEND &
    STOCKTON LLP

BY:   /s/ Alan D. McInnes
    Alan D. McInnes
    N.C. State Bar No. 20938
    4208 Six Forks Road, Suite 1400
    Raleigh, NC 27609
    Telephone: (919) 420-1700
    amcinnes@kilpatricktownsend.com
    *Attorney for Foundation Capital Resources, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 26, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all ECF participants.

I further hereby certify that I have mailed the document to the following:

>Bankruptcy Administrator
>434 Fayetteville Street, Suite 620
>Raleigh, NC 27601
>
>Philip Sasser
>SASSER LAW FIRM
>2000 Regency Parkway, Suite 230
>Cary, NC 27518
>tsasser@carybankruptcy.com
>*Attorney for Debtor*

                                        /s/ Alan D. McInnes

KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1700

US2008 3082389.1